UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELLIOTT D GOODIN,

                    Plaintiff,

        v.

EASTERN STATE HOSPITAL, CRISP, FLORA,

                    Defendants.

CASE NO. 3:15-CV-05359-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 14, 2015

The District Court has referred this 42 U.S.C. § 1983 civil rights matter to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

On June 12, 2015 plaintiff filed his Application to Proceed *In Forma Pauperis* (Dkt. 4). On June 23, 2015, the Court ordered plaintiff to clarify whether he was incarcerated or if he was housed at the Eastern State Hospital or Western State Hospital (Dkt. 6). Plaintiff filed a response on July 8, 2015 stating that he is housed at Eastern State Hospital (Dkt. 7).  Plaintiff's complaint alleges that medical providers at Eastern State Hospital ordered him to take medication and walk under a metal detector even though he had a pacemaker (Dkt. 1). The Court has not granted

1 | plaintiff *in forma pauperis* status.  The Court has not ordered the Clerk's Office to attempt

2 | service of process. No defendant has appeared in this action.

3 |       Venue may be raised by the court sua sponte where the defendant has not filed a

4 | responsive pleading and the time for doing so has not run.  *See Costlow v. Weeks*, 790 F.2d 1486,

5 | 1488 (9th Cir. 1986).  When jurisdiction is not founded solely on diversity, venue is proper in (1)

6 | the district in which any defendant resides, if all of the defendants reside in the same state; (2)

7 | the district in which a substantial part of the events or omissions giving rise to the claim

8 | occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a

9 | judicial district in which any defendant may be found, if there is no district in which the action

10 | may otherwise be brought.  See 28 U.S.C. § 1391(b).  When venue is improper, the district court

11 | has the discretion to either dismiss the case or transfer it "in the interest of justice."  *See* 28

12 | U.S.C. § 1406(a).

13 |       Here, it is clear from plaintiff's complaint that his claims arise out of actions committed

14 | at the Eastern State Hospital (Dkts. 1, 7). The Eastern State Hospital is located in Spokane

15 | County, Washington, which is within the venue of the Eastern District of Washington. *See* 28

16 | U.S.C. §§ 128(a).  Thus, venue is more appropriate in the Eastern District of Washington, not the

17 | Western District of Washington.

18 |       Accordingly, the Court recommends that this case be transferred to the United States

19 | District Court for the Eastern District of Washington where venue is proper. Pursuant to 28

20 | U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have

21 | fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.

22 | 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

23

24

REPORT AND RECOMMENDATION - 2

1 | *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the

2 | Clerk is directed to set the matter for consideration on **August 14, 2015.**

3 |      Dated this 21st day of July, 2015.

4

5 |                       J. Richard Creatura

6 |                       United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3